

FILED

01/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0247

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0247

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ROBERT MATHEW HOLGUIN, JR.,

Defendant and Appellant.

ORDER

FILED

JAN 0 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Caitlin Boland Aarab, appointed counsel for Appellant Robert Mathew Holguin, Jr., moves to withdraw as counsel in this appeal. Counsel states that she has identified a potentially meritorious appealable issue in Holguin's case, but Holguin has instructed her not to appeal that issue. Instead, Holguin has requested that counsel raise other issues which counsel believes the Montana Rules of Professional Conduct preclude her from arguing because, in her professional opinion, these issues do not have a bona fide basis in law and fact. Counsel further asserts that it is her understanding that the Appellate Defender Division would decline to appoint Holguin new counsel absent an order of this Court.

Aarab asks to be relieved of her duty as assigned counsel under § 46-8-103(1), MCA. As an exhibit to her motion, she provides the document she would file as the Opening Brief in this case if Holguin so agreed, and she asks this Court to review the document and determine whether the issue she would raise is meritorious and if not, to deem the brief to be an *Anders* brief in compliance with § 46-8-103(2), MCA, and *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967).

An indigent defendant has the right to counsel on appeal. Mont. Const. Art. II, § 24; *State v. Swan*, 199 Mont. 459, 467, 649 P.2d 1297, 1301-02 (1982) (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963)). The situation Aarab faces, while

challenging, is not unique. In similar instances, counsel may choose to file an *Anders* brief and motion to withdraw pursuant to *Anders*, noting their identification of a potentially meritorious issue and the client's decision not to pursue that issue on appeal. The challenge of such situation does not obviate appellant counsel's obligation to either file an opening brief or an *Anders* brief if counsel is unable to identify any other nonfrivolous issues on appeal. As set forth in *Anders*, if counsel on appeal "finds [the] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. This request to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744.

Aarab is correct that she cannot go against Holguin's wishes regarding the potentially meritorious issue she identified. When counsel identifies a potentially meritorious issue to pursue on appeal, but her client does not wish to appeal that issue, counsel cannot proceed against the client's wishes. M. R. Pro. Cond. 1.2(a) ("a lawyer shall abide by a client's decisions concerning the objectives of representation"); *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal" (citations omitted)).

Aarab points out that in *Jones*, the United States Supreme Court explained that an indigent defendant does not have the constitutional right to compel appointed counsel to press nonfrivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points. *Jones*, 463 U.S. at 751, 103 S. Ct. at 3312. However, in *Jones*, the defendant's appellate counsel had rejected his client's suggested issues on appeal in order to focus on arguments counsel found more promising—a tactic the Supreme Court looked upon favorably, commenting, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones*, 463 U.S. at 751-52, 103 S. Ct. at 3313. *Jones* does not provide that counsel can disregard nonfrivolous issues in favor of arguing no issues at all.

2

The Court has reviewed the brief filed by Aarab with her Motion to Withdraw and has determined that Appellant has raised an issue this Court should address. Therefore,

IT IS THEREFORE ORDERED that the motion to withdraw as counsel is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court accept the brief as Appellant's brief on the merits, and the State shall file a response brief in due course. Further, OAD shall review both Appellant's brief and the State's brief and determine whether to file a reply brief.

The Clerk is directed to provide a copy of this Order to counsel of record and to Robert Mathew Holguin, Jr., personally.

DATED this 4ᵗʰ day of January, 2022.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices